**BAR L RANCH, INC., Plaintiff,**

v.

**Robert L. PHINNEY, Defendant.**

**United States of America, Intervenor.**

**Civ. A. No. 66–H–367.**

United States District Court
S. D. Texas,
Houston Division.

May 17, 1967.

———◇———

Dougal C. Pope, Houston, Tex., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Robert L. Waters, O. Jan Tyler, and Leonard B. Tatar, Attys., Tax Division, Department of Justice, Fort Worth, Tex., Morton L. Susman, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant and intervenor.

## MEMORANDUM

INGRAHAM, District Judge.

This is a suit wherein the plaintiff, Bar L Ranch, Inc., seeks refund of a delinquency penalty in the amount of $403.12. The penalty was incurred by the plaintiff for late filing of its fiscal 1962 income tax return. The United States has intervened in the suit and seeks to collect an additional $25,515.37 of alleged taxes, penalties and interest due from the plaintiff for fiscal 1962.

By stipulations agreed to by the parties, the issues in this case have been narrowed to two questions.

(1) Is the plaintiff entitled to refund of the $403.12 penalty imposed for late filing of its fiscal 1962 income tax return?

(2) Is the assessment by the Commissioner of Internal Revenue of the additional $25,515.37 in taxes, penalties and interest valid?

The first question involves the resolution of certain facts bearing on the issue of whether the plaintiff's failure to file its income tax return on time was due to reasonable cause. This issue was tried by the court on March 15, 1967.

The second question concerning the validity of the assessment made by the Commissioner of Internal Revenue is one of law. This is before the court on facts stipulated by the parties.

## I.

The court will first consider the plaintiff's claim for refund of the late filing penalty. Bar L Ranch, Inc. had an accounting period based on a fiscal year ending April 30. Its federal income tax return for the year ended April 30, 1962, was due to be filed on or before July 15, 1962. Before this date, the accounting firm which the plaintiff had employed in preparing its income tax return in previous years filed a Form 7004 application for extension of time for filing a corporate income tax return on behalf of the plaintiff. This extension gave the plaintiff until October 15, 1962, to file its income tax return for fiscal 1962.

During the period between July 15, 1962, and October 15, 1962, the plaintiff engaged a different accounting firm, H & R Block Co., to handle its income tax return for fiscal 1962. On August 19, 1963, a consolidated income tax return was filed on behalf of plaintiff and two sister corporations for fiscal 1962. Plaintiff was advised that due to the corporate relationship between the corporations filing the return on August 19, 1963, a consolidated return was improper. Subsequently the plaintiff filed a proper return for fiscal 1962 on March 9, 1964.

The defendant makes no claim that the corrected return was not filed within a reasonable time after it was brought to the attention of the plaintiff that a consolidated return was improper. The penalty which the defendant assessed against the plaintiff relates to the period of time between October 15, 1962, when the extension of time to file a return had expired, and August 19, 1963, when the improper consolidated return was filed. It is this period of time to which the court must direct its attention to determine if reasonable cause existed so as to excuse the assessment of a late filing penalty.

26 U.S.C.A. § 6651(a) provides:

"In case of failure to file any return required under authority of subchapter A of Chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax * * * with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."

The plaintiff takes the position that it relied on H & R Block Co. to timely file its income tax return. There was testimony and evidence to the effect that H & R Block originally prepared the plaintiff's return in proper form and forwarded it for signature to the plaintiff's president, then at a later date prepared and filed the improper consolidated form. This court believes that it is immaterial whether the plaintiff failed to file its return on time or whether the plaintiff's agent, namely the accountant employed by H & R Block who was handling the plaintiff's account, failed to file the return on time. Logan Lumber Co. v. Commissioner of Internal Revenue,

365 F.2d 846 (5 CA 1966), deals with the same contention as the plaintiff makes in this case. At page 854 the court makes this statement:

"In our opinion, Lumber Co. is no better off even if it relied on its accountant to prepare its returns. The negligent failure of an accountant or lawyer to prepare taxpayer's return *is not reasonable cause* for a failure to timely file." (Emphasis added, citations omitted.)

 This court is of the opinion that the responsibility for filing a timely tax return rests squarely on the taxpayer. In this case the plaintiff has not made a sufficient showing of reasonable cause excusing the late filing of its tax return. Plaintiff will be denied refund of the late filing penalty assessed against it.

## II.

The second question before the court involves the propriety of an additional assessment made against the plaintiff by the United States as intervenor in this suit. On June 17, 1966, the plaintiff filed a complaint in this court seeking to recover the previously discussed late filing penalty in the amount of $403.12. On that same date later in the day, the Commissioner mailed a statutory notice of deficiency to the plaintiff, proposing a deficiency in tax of $16,956.36 and a penalty of $4,239.09. The 90-day period for filing a petition for a redetermination of the deficiency in the Tax Court expired on September 15, 1966, without a petition having been filed by the taxpayer. On October 14, 1966, the deficiencies proposed in the statutory notice were assessed against the taxpayer and demand for payment was made. On February 24, 1967, the United States filed a motion to intervene so as to claim the unpaid assessments made against the plaintiff. The motion was granted by order of the court dated March 7, 1967.

Plaintiff contends that the Commissioner of Internal Revenue was without authority to make the additional assessment on October 14, 1966, because this court had sole and exclusive jurisdiction of the income tax determination for plaintiff's fiscal 1962 year after September 15, 1966. Plaintiff asserts that sole and exclusive jurisdiction was acquired on this date because it did not file a petition for redetermination of the deficiency within 90 days of the notice of deficiency. Plaintiff relies on 26 U.S. C.A. § 7422(e) which provides:

"If the Secretary or his delegate prior to the hearing of a suit brought by the taxpayer in a district court or the Court of Claims for the recovery of any income tax, estate tax, or gift tax (or any penalty relating to such taxes) mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If a taxpayer files a petition with the Tax Court, the district court or the Court of Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund. If the taxpayer does not file a petition with the Tax Court for a redetermination of the asserted deficiency, the United States may counterclaim in the taxpayer's suit * * * within the period of the stay of proceedings notwithstanding that the time for such pleading may have otherwise expired. * * * *"

 This court cannot perceive how the language of this statute can be construed as forbidding the assessment of a deficiency after the taxpayer has filed a suit for refund. To add such a limitation would be an usurpation of legislative authority. While it is true that 7422 (e) states that the government *may* counterclaim for additional taxes in a suit for refund by the taxpyer, the language is permissive in nature and no prohibition is expressed forbidding the

government from following the procedure in this case. The Supreme Court in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 641, 4 L.Ed.2d 623 (1960), comments on the construction which plaintiff seeks to ascribe to § 7422(e) in this proceeding. At pages 166–167, Chief Justice Warren states:

"Section 7422(e) of the 1954 Internal Revenue Code makes it apparent that Congress has assumed these problems are nonexistent except in the rare case where the taxpayer brings suit in a District Court and the Commissioner then notifies him of an additional deficiency. Under § 7422(e) such a claimant is given the option of pursuing his suit in the District Court or in the Tax Court, *but he cannot litigate in both.* Moreover, if he decides to remain in the District Court, the Government may—*but seemingly is not required to*—bring a counterclaim; and if it does, the taxpayer has the burden of proof. If we were to overturn the assumption upon which Congress has acted, we would generate upon a broad scale the very problems Congress believed it had solved." (Second emphasis added, footnotes omitted.)

Plaintiff in this suit had the option, which it chose not to exercise, to petition the Tax Court for a redetermination of the deficiency asserted by the government and consideration of its claim for refund. The fact that such an option was available to the taxpayer and was not exercised cannot be construed to prohibit the government from making the disputed assessment.

Plaintiff asserts that the deficiency determined after he had filed suit in this court for refund is invalid because 26 U.S.C.A. § 6212 expressly prohibits the determination of additional deficiencies for the same taxable year after the taxpayer files a timely petition with the Tax Court. Plaintiff argues that this is analogous to the situation in this case, therefore the court should invalidate a deficiency assessed after a refund suit is filed. Congress specifically expressed its intent in 26 U.S.C.A. § 6212 regarding the assessment of deficiencies after a taxpayer files a petition in the Tax Court. This court can only presume Congress did not intend to extend this limitation to refund suits filed in a district court in the absence of any statute so providing.

This court finds that the assessment made by the Commissioner on October 14, 1966, is valid. Counsel will draft and submit an appropriate judgment.