**STEEL HAULERS, INC., Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 16206–3.

United States District Court,
W. D. Missouri, W. D.

June 30, 1970.

Robert L. Jackson, Kansas City, Mo.,
for plaintiff.

John DeBruyn, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

BECKER, Chief Judge.

This is an action for recovery of federal highway use taxes paid by plaintiff to defendant. Jurisdiction is under Section 1346(a), Title 28, United States Code. Plaintiff is a Kansas corporation with its principal place of business at 306 Ewing Avenue, Kansas City, Missouri. During the period July 1, 1959, through June 30, 1963, plaintiff leased trucks and truck-tractors which it operated as an interstate motor carrier transporting iron and steel over the highways of Missouri and other states where it was authorized to operate. The

owners of the trucks and truck-tractors executed a standard form lease to the plaintiff, which was accompanied by an application and filed with the State of Missouri to obtain a Certificate of Title for the owner-lessor and for the plaintiff-lessee and to obtain registration or licensing under the provisions of the Reciprocity Agreement between Missouri and other states in which plaintiff operates. Each lease agreement, as required by General Order 33 of the Missouri Public Service Commission, provided that "[l]essor does hereby grant to lessee exclusive option to purchase the above-described equipment." The agreement also provided as follows:

"All taxes of any nature whatsover, and all licenses and fines that may be assessed against the equipment while same is being used by the Lessee, where such fines are caused through improper equipment and/or operation of the property leased, shall be deducted from the amount due the Lessor under this agreement."

Nevertheless, as the parties have agreed in Standard Pretrial Order No. 2, the "plaintiff paid the registration or license fees to Missouri and other states in which it operates the leased vehicles." The fees of each state were prorated in accordance with the Reciprocity

Agreement[1] on the basis of the number of fleet miles driven in each state. The plaintiff obtained license plates from Missouri and tags from the other states for each leased vehicle in its own name to indicate payment of the fees. Thereafter, the District Director of Internal Revenue in St. Louis, Missouri, under subchapter D of Chapter 36 of the Internal Revenue Code of 1954, assessed plaintiff for highway use taxes and delinquent penalties during the years 1960, 1961, 1962 and 1963.[2] Plaintiff paid the assessed amount and then brought this suit for the refund of an alleged overpayment of some $16,941.55 in highway use taxes.

The documentary evidence in this case shows that defendant assessed plaintiff $2,595.00 in additional excise taxes for the fiscal year ending June 30, 1961; $6,165.00 for the fiscal year ending June 30, 1962; and $5,670.00 for the fiscal year ending June 30, 1963; that all of the assessed amounts were for highway use taxes on vehicles owned by persons other than plaintiff but leased by plaintiff, except for $1,065 of the amount assessed for the fiscal year ending June 30, 1963, which was a "delinquency penalty" under Section 6651(a) of the Internal Revenue Code;[3] that in March 1964, the plaintiff filed a

1. "Vehicle Registration Proration and Reciprocity Agreement between the State of Missouri and the States of Arizona, British Columbia, California, Colorado, Idaho, Illinois, Iowa, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oregon, South Dakota and Washington." See p. 712, *infra*.

2. In the record, the assessment appears in the following form:

| Period | Additional Tax | Delinquent Tax | Sect. 6651(a) Delinquency Penalty |
|---|---|---|---|
| 7/1/60 to 6/30/61 | $1,500.00 | $ – | $ – |
| 7/1/61 to 6/30/62 | – | 4,260.00 | 1,065.00 |
| 7/1/62 to 6/30/63 | 3,300.00 | – | – |
| 7/1/60 to 6/30/61 | – | 1,095.00 | None |
| 7/1/61 to 6/30/62 | – | 840.00 | None |
| 7/1/62 to 6/30/63 | – | 2,370.00 | None |

3. This section provides penalties for failure to file any return required under authority of subchapter A of chapter 61 (other than Part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines and beer) or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and

protest with defendant contending that it was only the lessee of the vehicles for which the highway use tax was imposed and that, under the applicable law and regulations, the person holding a transferable certificate of title should be taxed, rather than a lessee holding a non-transferable certificate of title; that the claim was disallowed on October 4, 1965, by defendant; and that, on the work sheets prepared by the defendant on plaintiff's claim for refund, defendant admittedly assessed defendant at least $2,010 in fiscal year 1961, $3,695 in fiscal year 1962 and $3,270 in fiscal year 1963 for "highway use tax" on vehicles owned by other persons (but "leased and licensed by Steel Haulers, Inc.") who were not assessed by the District Director "because almost all had previous out of district addresses" and "no current addresses [were] known" for them. It is further shown that the titles held by plaintiff to the taxed vehicles were "non-transferable" and that they were stamped as such by the state office of Missouri which issued them.

In the trial of this case on April 20, 1970, Walter A. Opel, Assistant Supervisor of the Motor Vehicle Registration Department of the Missouri Division of Revenue testified that if an applicant operator of an interstate vehicle applies for a Missouri title, the Motor Vehicle Registration Department prefers the applicant to apply for a certificate of title and for reciprocity registration at the same time so that the two "can be tied together", but that the applicant may, if he wishes, first secure the certificate of title and later obtain the reciprocity registration; that applicant operator applies on the same form for both certificate of title and the registration; that he then applies to the Reciprocity Commission where he exhibits his certificate of title and Missouri registration, which are inspected by the Commission and approved or disapproved; that the Reciprocity Commission then issues a "cab card" and a reciprocity registration; that when a lessee makes application for reciprocity registration, Missouri requires any applicant for reciprocity registration to have title to the vehicle; that in a lessor-lessee relationship, Missouri requires the lessor to have title or to apply for a certificate

tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms) on the date prescribed therefor, unless it is shown that the failure is due to a reasonable cause and not willful. Under the stipulation of facts in Standard Pretrial Order No. 2 and delineation of issues therein, it is not clear what specific application this section has to this case, although the section applies to late filing of income tax returns. Bar L. Ranch, Inc. v. Phinney (S.D.Tex.) 272 F.Supp. 249. But the parties in this case have made no issue of the lateness of any return, nor of willfulness in any late filing, nor the amount of penalty due. Plaintiff, however, has included the amount of $1,065 in the fiscal year ending June 30, 1962, with the other additional assessments in its complaint herein as an amount improperly assessed on account of highway use. Defendant, in its answer, has not denied that this was assessed as an excise tax and has only stated that this sum was "assessed as an addition to tax," an allegation which does not contradict the sense of the complaint that it is to be considered together with the other amounts as having been assessed in the fiscal year ending June 30, 1962, for an excise tax for highway use. Although, in the stipulation in the Standard Pretrial Order No. 2, it is stipulated that the parties will make computation of the amount due if the Court "determines that the plaintiff is not liable for the highway use tax for any vehicle or period, the parties will compute on the basis of their records the amount of the payment of the tax, interest and penalties to be recovered within 30 days of the Court's decision and submit a proposed form of judgment," the Court does not here hold that the tax was improperly assessed with respect to any given period or vehicle, but rather with respect to the entire period and all vehicles complained of. Therefore, this is a proper case in which to grant the amount prayed for in the complaint, which plaintiff has attributed to the erroneous assessment and defendant has not effectively denied. After preparation of this opinion, however, plaintiff and defendant agreed on the amount of judgment. Therefore, judgment will be entered for $16,360.93 rather than for $16,941.55.

of title; that, at the same time, the lessee is required to have a non-transferable title and the lease is required to give the lessee an option to purchase the vehicle; that the title numbers of the lessor and lessee are in sequence; that the title application of the lessee will contain the title number of the lessor to "tie the transactions together"; that the lessor gets a transferable title while the lessee's title is non-transferable; and that, absent the proration agreement and registration under the Reciprocity Agreement, no separate title and reciprocity registration would be required of the lessee.

The federal statute governing this case is Section 4481, Title 26, United States Code, which reads as follows:

"(a) *Imposition of tax.*—A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds, at the rate of $3,-00 a year for each 1,000 pounds of taxable gross weight or fraction thereof. In the case of the taxable period beginning on July 1, 1972, and ending on September 30, 1972, the tax shall be at the rate of 75 cents for such period for each 1,000 pounds of taxable gross weight or fraction thereof.

"(b) *By whom paid.—The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is, or is required to be, registered, or, in case the highway motor vehicle is owned by the United States, by the agency or instrumentality of the United States operating such vehicle.*

"(c) *Proration of Tax.*—If in any taxable period the first use of the highway motor vehicle is after the first month in such period, the tax shall be reckoned proportionately from the first day of the month in which such use occurs including the last day in such taxable period.

(d) *One tax liability per period.—*(1) *In general.*—To the extent that the tax imposed by this section is paid with respect to any highway motor vehicle for any taxable period, *no further tax* shall be imposed by this section for such taxable period with respect to such vehicle." (Emphasis added.)

The Internal Revenue Service has promulgated and adopted the following regulations under that statute:

"§ 41.4481–2. Persons liable for tax —(a) In general. (1) The person in whose name any highway motor vehicle is registered at the time of the first taxable use of such vehicle in any taxable period is liable for the tax on the use of the vehicle for such taxable period.

"§ 41.4481–3. Registration. (a) For purposes of the regulations in this part, the term 'registered' when used with reference to a highway motor vehicle means—

"(1) Registered under the law of any State or Territory of the United States or of the District of Columbia, or

"(2) Required to be registered under the law of any State or Territory of the United States in which such highway motor vehicle is operated or situated or, in case the vehicle is operated or situated in the District of Columbia, under the law of the District of Columbia.

"Any highway motor vehicle which is operated under a dealer's tag, license, or permit is considered to be registered in the name of such dealer. A highway motor vehicle is not considered to be registered solely by reason of the fact that there has been issued a special permit for operation of the vehicle at particular times and under specified conditions

"(b) Any highway motor vehicle which, at any time in the taxable period, is registered both in the name of the owner of the vehicle and in the

name of any other person, is considered, for purposes of the regulations in this part, to be registered, at such time, *solely in the name of the owner of the vehicle."* (Emphasis added.)

Registration of motor vehicles in the State of Missouri is basically governed by Section 301.020 of the Missouri Revised Statutes, which basically provides that:

"Every owner of a motor vehicle or trailer, which shall be operated or driven upon the highways of the state, except as herein otherwise expressly provided, shall annually file, by mail or otherwise, in the office of the director of revenue, an application for registration on a blank to be furnished by the director of revenue for that purpose  *  *  * "

The term "owner," in turn, under Missouri law, is defined in Section 301.010 as follows:

" *  *  *  the term owner shall include any person, firm, corporation or association, who holds the legal title of a vehicle *or in the event a vehicle is the subject of an agreement for the conditional sale or lease stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee,* or in the event a mortgagor of a vehicle is entitled to possession, *then such conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this law;*  *  *  * " (Emphasis added.)

Section 301.271 RSMo covers registration in respect of which reciprocity exists with other states:

"Unless otherwise provided by duly executed agreements entered into pursuant to sections 301.271 to 301.279, a nonresident owner, owning any motor vehicle which has been duly registered for the current year in the state, District of Columbia, territory or possession of the United States, foreign country or other place of which the owner is a resident, and which at all times when operated in this state has displayed upon it the number plate is-

sued for the vehicle in the place of residence of such owner, may operate or permit the operation of such vehicle within this state without registering such vehicle or paying any such registration fee to this state; but the provisions of this subsection shall be operative to allow such owner to operate or permit the operation of such vehicle owned by a nonresident of this state only to the extent that the laws of the state, District of Columbia, territory or possession of the Untied (sic) States, foreign country or other place of residence of the nonresident owner, substantially equivalent exemptions are granted to residents of Missouri for the operation of vehicles duly registered in Missouri."

Section 301.277 RSMo provides for the making of reciprocity agreements with other states and, in part, provides as follows:

"(2) If any state permits or requires the licensing of fleets or motor vehicles and trailers or combinations thereof operated in interstate or combined interstate and intrastate commerce and payment of license taxes and other fixed fees thereon on an apportionment basis commensurate with and determined by the miles traveled on and the use made of said state's highways or any other equitable basis of apportionment, and exempts equipment registered in other states under such apportionment basis from its own registration and other fixed fees, then said Missouri highway reciprocity commission may by agreement adopt such exemptions with respect to motor vehicles and trailers, which agreement may, under such terms, conditions and restrictions as the commission deems proper, provide that *owners and operators* of motor vehicles and trailers operated in interstate or combined interstate and intrastate commerce in Missouri shall be required to pay registration and other fees on an apportionment basis commensurate with and determined by the miles traveled on and the use made of

Missouri highways, or any other equitable basis of apportionment, and shall provide a fair and equitable formula for apportionment whereby there shall be registered in Missouri and the Missouri registration fees paid and applied to a proper proportion of said motor vehicles and trailers operated in the fleet." (Emphasis added.)

Under that enabling statute, the Reciprocity Commission of Missouri, has made an agreement for vehicle registration proration and reciprocity agreement between the State of Missouri and the states of Arizona, British Columbia, California, Colorado, Idaho, Illinois, Iowa, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oregon, South Dakota and Washington. According to Article 5 of that agreement, it applies "only to a vehicle properly registered in the base State of the vehicle, which State must be a contracting State." The "base state," according to the agreement, is "the State from or in which the vehicle is most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled." Under the stipulations of Standard Pretrial Order No. 2, Missouri is the base state in the case at bar. In respect of proration of registration, the agreement provides as follows:

"Any owner of a fleet may register the vehicles of said fleet in any contracting State by paying to said State total registration fees in an amount equal to that obtained by applying the proportion of in-state fleet miles divided by the total fleet miles, to the total fees which would otherwise be required for regular registration of each and all of such vehicles in such contracting state. * * *

" * * * *Leased Vehicles*. If a commercial vehicle is operated by a person other than the owner as a part of a fleet which is subject to the provisions of this article, then the operator of such fleet shall be deemed to be the owner of the said vehicle for the purposes of this article."

■ It is apparent from the foregoing that the statutory scheme set up by the State of Missouri in respect of the vehicles concerned in the case at bar requires registration in the name of the owner-lessor as well as of the operator-lessee of the vehicles. Both persons meet the statutory definition of "owner" as defined in Section 301.010, and both are included in the category of those required to pay registration fees by the statute enabling the making of reciprocity agreements, Section 301.277. Further, the form of the lease required by the Missouri Public Service Commission provides that the lessor is to pay all taxes "of any nature whatsoever" on the vehicle while it is being used by the lessee. And, as the Assistant Supervisor of the Motor Vehicle Registration Department testified in the trial of this cause, the owner's certificate of title is required to be produced by the lessee as a condition precedent to registration and the certificate is filed together with the registration so that the "transactions can be tied together." Thus, the clear intent and import of the Missouri law as written on this subject and as implemented by the appropriate organs of state government is to require registration, in instances like that at bar, by both owner and operator and in both of their names. Accordingly, the provision on "dual registration" from the regulation of the Internal Revenue Service cited above, § 41.4481–3, applies in this case; and the subject vehicles, for the purpose of the highway use tax, must be considered to be registered solely in the name of the owner-lessor of the vehicles.

■■ Further, in view of the evidence in this case which shows that, in those instances where the owner-lessors lived within this district or their addresses were otherwise known, they were assessed by defendant for the highway tax,[4] the provision of subsection

4. See Exhibit 10, referred to in Standard Pretrial Order No. 2 as "Schedule of Assessments against individual truck own-

ers." Cf. Exhibit 11, "Schedule of individual truck owners not assessed."

(d) of Section 4481, *supra,* applies to those vehicles with respect to which the tax imposed has already been paid by the owner-lessor. And the assessment by the defendant of those persons is further evidence of the application of the dual registration requirement in Missouri with respect to the other vehicles here in question. It was precisely for the purpose of eliminating dual assessments, and to insure that no duplication in collection was made, that subsection (b) of regulation § 41.4481–3 provided that, in such cases, only the owner should be assessed.

It is the position of the Government, however, that the "certificate of title issued to the lessor does not constitute registration of the vehicle," but is rather a "condition precedent to the registration or licensing of a vehicle." It is true that, under the provisions of § 301.-190 RSMo, a certificate of title must be exhibited in order to obtain a certificate of registration. As was stated in the case of In re Jackson (E.D.Mo.) 268 F. Supp. 434, 438:

> " * * * at least two separate applications are expressly provided for, each for a different purpose. The primary purposes of registration are the identification of the vehicle and the production of revenue by the collection of an annual fee. The purpose of issuing a title is to maintain a system for establishing title to motor vehicles. * * *"

Subsection (2) of § 301.190, however, further provides that registration certificates shall not be granted unless the director of revenue is satisfied that the applicant is the "lawful owner of such motor vehicle or trailer, or otherwise entitled to have the same registered in his name." The requirements, thus, of obtaining a certificate of title and of registration are essentially the same—those of owning the vehicle or being otherwise entitled to have it registered in the applicant's name. It is clear from Section 301.277 RSMo, however, that the provision of the required lease in this case (which enables the lessee to be deemed the "owner" within the meaning of Section 301.010, *supra)* was not meant to immunize the lessor from being deemed an owner of the vehicle, also. This is clear from the plain language of Section 301.277, *supra,* that reciprocity agreements provide that "owners and operators" pay registration fees. Further, the lease itself, in requiring that the owner-lessor pay all taxes assessed is further evidence that the owner-lessor is intended to be a registrant within the meaning of Section 4481 of Title 26, U. S.C., and thus the sole registrant within the meaning of the applicable regulation, § 41.4481–3(b).

The Government, however, contends that the Reciprocity Agreement is controlling and that it provides that the operator of a fleet such as the one including the vehicles taxed in this case is to be deemed the sole owner for registration purposes. In support of this point, the Government cites Ruan Transport Corporation v. Missouri Highway Reciprocity Commission, Mo., 369 S.W. 2d 220. But in that case, it was only determined that subsection (3) of Section 301.277, prohibiting reciprocity agreements with respect to vehicles solely operated in Missouri intrastate commerce, did not apply to vehicles based in Missouri but operated in both intrastate and interstate commerce. Otherwise, the principle that § 301.277, as it purports to do, sets the limits for the contracting by the Reciprocity Commission remains undisturbed.

Therefore, the Reciprocity Agreement must be construed so that it is consistent with the enabling statute under which it was made. The agreement itself provides that it is made "[p]ursuant to and in conformity with the laws of [the] respective States" and that "[t]his agreement shall not authorize the operation of a vehicle in any contracting state contrary to the laws or regulations thereof, except those pertaining to registration and payment of fees; and with respect to such laws or regulations, only to the extent provided in this agreement." Therefore, in the

light of the required consistency with the enabling statute, Section 301.277, the provisions of the Reciprocity Agreement that "any owner may" register a vehicle and that an operator of an interstate fleet must be deemed to be "the owner" must be read together to be consistent with the Missouri statutory scheme requiring dual registration in the name of both the owner-lessor and the operator-lessee. In such an instance, by virtue of the abovestated federal regulation, the highway use tax falls exclusively upon the owner-lessor.

It must therefore be concluded that, under the applicable law and regulations, the assessments for the years in question in this case were wrongly and illegally made against the plaintiff and that the plaintiff is entitled to recover the amounts wrongly assessed and paid by plaintiff on December 31, 1964. It is therefore

Adjudged that plaintiff have and recover from the defendant herein the sum of $16,360.93 plus interest at 6% per annum from December 31, 1964, and its costs herein expended.