**Viola PFEIFFER, Executrix of the Estate of Fred M. Pfeiffer, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. S–448.**

United States District Court,
E. D. California.

July 2, 1970.

---

Gary K. Shelton, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

This is an action for refund of estate taxes allegedly overpaid and penalty plus interest assessed for late filing of an estate tax return. The action is brought by Viola Pfeiffer, as executrix of the estate of her late husband, Fred M. Pfeiffer. The court has jurisdiction under Title 26 U.S.C.A. Sec. 7422 and Title 28 U.S.C.A. Sec. 1346(a) (1).

Some of the issues presented in this case were resolved by this court on motion for summary judgment. In its Memorandum and Order of March 18, 1969 the court refused to grant summary judgment as to two issues which are now presented for consideration:

(1) Is the statutory obligation imposed on the estate by Sec. 205 of the California Civil Code in favor of the State Department of Mental Hygiene for the future care of deceased's daughter in a state institution a deductible "claim against the estate" under Sec. 2053(a) (3) of the Internal Revenue Code?, and

(2) was the failure of the executrix to timely file the estate tax return due to "reasonable cause" sufficient to escape the penalty contemplated by Sec. 6651(a) of the Internal Revenue Code?

I. Claim of the State Department of Mental Hygiene

Fred M. Pfeiffer died on March 17, 1962. On November 15, 1962 the California State Department of Mental Hygiene filed a claim against the Pfeiffer estate for the future support of Thelma Pfeiffer, the daughter of Fred Pfeiffer.[1] Thelma was committed to the Napa State Hospital as a mentally ill person in 1935 and has been a patient there ever since. The State's claim was made pursuant to Sec. 205 of the California Civil Code, which provides,

Alvin R. Wohl, Sacramento, Cal., for plaintiff.

---

1. Thelma was the daughter of Fred Pfeiffer by a prior marriage and thus was not the child of Viola Pfeiffer.

If a parent chargeable with the support of a child dies, leaving it chargeable to the county, or leaving it confined in a state institution to be cared for in whole or in part at the expense of the State, and such parent leaves an estate sufficient for its support, the supervisors of the county or the director of the state department having jurisdiction over the institution involved, as the case may be, may claim provision for its support from the parent's estate by civil action, and for this purpose may have the same remedies as any creditors against the estate, and against the heirs, devisees, and next of kin of the parent.

This claim was satisfied by payment of $12,148.42 from the Pfeiffer estate to the guardian of the person and estate of Thelma for her future support.

The plaintiff contends that the claim of the Department of Mental Hygiene should have been deducted from the gross estate in computing federal estate tax under Title 26 U.S.C.A. Sec. 2053(a) (3), which provides in part,

General Rule.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—.
* * *
(3) for claims against the estate,
* * *
as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

Sec. 2053(a) (3) has been construed by regulation to mean that,

The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death, whether or not matured, and interest thereon which had accrued at the time of death. 26 CFR Sec. 20.2053–4.

When the estate tax form was first filed the government allowed part of the Department of Mental Hygiene claim to be deducted from the gross estate. The government now contends that this was a mistake and asks for a setoff in the amount of the tax which should have been paid on that part of the claim originally allowed to be deducted.

The government's contention is that Sec. 205 of the Civil Code imposed liability on the estate alone and only at the time of Fred Pfeiffer's demise. Thus, argues the government, the liability for the future support of Thelma was not a *personal obligation of the decedent existing at the time of his death*. This argument divorces Section 205 from the overall California statutory scheme dealing with liability for the care and maintenance of those in state institutions.

█ Section 205 imposes liability *only* on the estates of parents who, while alive, were already chargeable with the support of a child. In this case Thelma was not a minor when Fred Pfeiffer died. He was responsible for her support only because of her status as a mentally ill person in a state institution. Liability for her support was imposed by Section 6650 of the California Welfare and Institutions Code,

*Liability for care.* The husband, wife, father, mother, or children of a mentally ill person or inebriate, the estates of such persons, and the guardian and administrator of the estate of such mentally ill person or inebriate, shall pay the costs and charges of his transportation to a state institution for mentally ill or inebriates. The husband, wife, father, mother, or children of a mentally ill person or inebriate, and the administrators of their estates, and the estate of such mentally ill person or inebriate, shall be liable for his care, support, and maintenance in a state institution of which he is a patient. The liability of such persons and estates shall be a joint and several liability, and such liability shall exist whether the mentally ill person or inebriate has become a patient of a state institution pursuant to the provisions of this code or pursuant to the provisions of Sec-

tions 1026, 1368, 1369, 1370, and 1372 of the Penal Code.

It was the liability imposed on Fred Pfeiffer by this section which rendered him a "parent chargeable with the support of a child" under Civil Code Sec. 205. Under California law Sec. 6650 created an unconditional obligation on the part of Fred Pfeiffer to pay for the support of Thelma from the time of her commitment and that obligation was to continue as a personal liability as long as Thelma remained in Napa State Hospital. Department of Mental Hygiene v. McGilvery, 50 Cal.2d 742, 329 P.2d 689 (1958). The liability which attached to his estate under Sec. 205 of the Civil Code was derivative from the personal obligation which Fred Pfeiffer had assumed during his lifetime.

The court therefore holds that liability for the future support of Thelma was a personal obligation of Fred M. Pfeiffer existing at the time of his death and the claim of the Department of Mental Hygiene should have been deducted in its entirety from the gross estate for estate tax purposes.

## II. Failure to Timely File the Estate Tax Return

The remaining issue is whether the failure of plaintiff, executrix, to file the federal estate tax return within fifteen months of the death of her husband was due to "reasonable cause" under 26 U.S.C.A. Sec. 6651.[2] The burden of establishing reasonable cause is on the plaintiff. Ferrando v. United States, 245 F.2d 582, 587 (9th Cir. 1957).

The plaintiff hired an attorney, Mr. Bybee, to take care of the administration of the estate and he hired a certified public accountant to prepare and file the estate tax return.[3] The return was due on June 17, 1963, but was not filed until Sept. 12, 1963. No extension of time for filing was ever requested. The plaintiff contends and the evidence fairly substantiates that she relied totally on Mr. Bybee to handle the affairs of the estate. Did such reliance constitute reasonable cause for the late filing?

Reasonable cause has been interpreted to mean "the exercise of ordinary business care and prudence." Southeastern Finance Co. v. C. I. R., 153 F.2d 205 (5th Cir. 1946). Plaintiff points out that although she attended business college some sixty years ago, she has had little business experience since then. She worked in an insurance office and for an attorney between 1913 and 1918, but has since only periodically performed secretarial chores for her husband's business. Plaintiff also testified that she has had little exposure to tax matters.

According to plaintiff both she and her husband had had the utmost confidence in Mr. Bybee. He had been a family friend for almost thirty years and had handled legal affairs for the Pfeiffer business for almost as long. He had also prepared the will of Fred Pfeiffer.

Plaintiff contends that in the above context total reliance on Mr. Bybee was an exercise of ordinary business care

2. Sec. 6651(a), I.R.C.1954, provides: (a) Addition to the tax.—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for

not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

3. It appears that the estate tax return was not timely filed because the accountant, Mr. Miller, felt he could not accurately compute the estate tax until the exact amount of the Department of Mental Hygiene was determined.

and prudence. In essence the contention is that because of plaintiff's lack of experience in tax and estate matters and the known competence of Mr. Bybee, an almost complete delegation to him of her duties as executrix was reasonable and prudent.

█ It should be noted that plaintiff voluntarily assumed the position of executrix and received a commission for fulfilling the concomitant obligations. The position was not an honorary one. The mere acceptance of the job obligated the plaintiff to exercise at least a minimal amount of responsibility in superintending the administration of the estate. This is not to say that plaintiff was mistaken in hiring an experienced attorney and accountant to aid her, but rather that she was under an obligation to at least ascertain what her obligations were and to oversee the activities of Mr. Bybee and his accountant. *See* Estate of Duttenhofer v. Commissioner, 49 T.C. 200 (1967), aff'd per curiam 410 F.2d 302 (6th Cir. 1969). Plaintiff thus should have known that estate taxes would have to be paid and that the estate tax return had a due date.

Furthermore, plaintiff signed a Tax Form 704, entitled "Estate Tax Preliminary Notice", on which it was stated that an estate tax return was due within fifteen months of death. One of the purposes of the form is to put the executor on notice that he may be liable for penalties if he does not file an estate tax return by the due date.

█ The Ninth Circuit has decided a case which is squarely in point. In Ferrando v. United States, 245 F.2d 582 (9th Cir. 1957), as here, the executors knew nothing of decedents' estates and hired an attorney to administer the estates. The estate tax returns were filed late. The court concluded that,

> The general rule relating to a taxpayer's duty regarding the filing of a tax return is well stated in 3 A.L.R.2d 619:

> "The filing of a tax return when due is a personal, nondelegable duty of the taxpayer; as a general proposition, it is no valid excuse for him to say that the matter was put in charge of an employee or an accountant or attorney, no matter how trustworthy that person may be."

The Ninth Circuit having spoken, this court must and does hold that reliance on an attorney or accountant to file an estate tax return did not constitute reasonable cause for late filing and the penalty imposed pursuant to 26 U.S.C.A. Sec. 6651 was properly assessed.

This Memorandum and Order shall serve as Findings of Fact and Conclusions of Law pursuant to F.R.Civ.P. Rule 52(a), and plaintiff's counsel is hereby directed to prepare a form of judgment and all other documents necessary for the final disposition of this case in accordance with this Memorandum and Order and to lodge them with the Clerk of this Court in accordance with the applicable rules and statutes.