495 P.2d 374

In the Matter of the Hearing For Officer Manuel Otero, Jr. Before the New Mexico State Police Board.

Manuel OTERO, Jr., Appellee,

v.

NEW MEXICO STATE POLICE BOARD, Appellant.

No. 9346.

Supreme Court of New Mexico.

March 31, 1972.

David L. Norvell, Atty. Gen., Joyce Blalock, Agency Asst. Atty. Gen., Santa Fe, for appellant.

Roy G. Hill, Santa Fe, for appellee.

## OPINION

MONTOYA, Justice.

This suit was brought in the District Court of· Santa Fe County, appealing the decision of the State Police Board to remove Manuel Otero, Jr. as a New Mexico State Police Officer for incompetence due to physical disability. Following a trial to the court, judgment was entered holding that the order of the State Police Board removing Otero was null and void and should be set aside. The State Police Board has appealed that decision.

The record indicates that Officer Otero, hereinafter referred to as "Appellee," became afflicted with diabetes mellitus while serving as ·a State Police Officer. In compliance ˙with § 39–2–11, N.M.S.A., 1953 Comp. (1971 Supp.), the State Police Board held a hearing at which time evidence as to Appellee's physical condition was presented. The State Police Board ruled that Appellee was physically incompetent to perform the duties of an officer of the New Mexico State Police and ordered Appellee's removal from office.

Upon appeal to the district court the trial court concluded that there was no substantial evidence to support the finding by the State Police Board that Appellee was incompetent due to physical disability.

The only issue on appeal is whether the trial court was correct in setting aside the order of the State Police Board.

It is the rule that the district court may not, on appeal, substitute its judgment for that of the administrative body, but is restricted to considering whether, as a matter of law, the administrative body acted fraudulently, arbitrarily, or capriciously, whether the administrative order is substantially supported by evidence, and whether the action of the administrative body was within the general scope of its authority. Seidenberg v. New Mexico Board of Medical Examiners, 80 N.M. 135, 452 P. 2d 469 (1969); Llano, Inc. v. Southern Union Gas Company, 75 N.M. 7, 399 P.2d 646 (1964). Substantial evidence means such relevant evidence as a reasonable man might find adequate to support a conclusion. Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970). This court, in reviewing the district court's judgment, must, in the first instance, make the same review of the State Police Board's action as did the district court. Reynolds v. Wiggins, 74 N.M. 670, 397 P.2d 469 (1964). The record of the State Police Board's hearing contains substantial evidence reasonably supporting the conclusion that Appellee was incompetent to perform his duties due to a physical disability.

The judgment of the district court is reversed and the order of the State Police Board removing Appellee from office is affirmed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.