503 P.2d 151

**WESTLAND CORPORATION, Appellant,**

v.

**COMMISSIONER OF REVENUE, Appellee.**

No. 949.

Court of Appeals of New Mexico.

Oct. 27, 1972.

———◇———

Vance Mauney, Botts, Botts & Mauney, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., James D. Bryce, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

COWAN, Judge.

Westland Corporation appeals from a Decision and Order of the Commissioner of Revenue pursuant to § 72–13–39, N.M. S.A.1953 (Repl.Vol. 10, pt. 2, 1971 Supp.).

We affirm.

This is a second appeal. The background factual situation is set out in the earlier appeal, Westland Corporation v. Commissioner of Revenue, 83 N.M. 29, 487 P.2d 1099 (Ct.App.1971). This court there determined that Westland was engaged in business, furnishing services to three other corporations with the latter paying to Westland funds in an amount calculated to cover Westland's operations on their behalf. These funds were held to be taxable under the New Mexico Gross Receipts and Compensating Tax Act. However, any monies received by Westland as agent or trustee of the three corporations and disbursed by it in payment of their debts or obligations were held not to be compensation for services and therefore not taxable.

The court was unable to determine, (1) whether the total amount of the disbursements were used for the operation of Westland, or (2) whether Westland, as agent or trustee for the three corporations, used a portion of the disbursements for the expense and operation of each of the three corporations. The case was remanded to the Commissioner for a determination as to the use of these monies and whether they were all gross receipts and subject to tax.

Another hearing was had, following which the Commissioner filed his Decision and Order, determining that all of the monies received by Westland from the other three corporations during the auditing period were received for services rendered the three corporations and were monies expended in the performance of Westland's corporate functions. The Commissioner further determined that none of these monies were paid out for debts or obligations owing by the three corporations.

Westland now attacks the Commissioner's Decision and Order as not being supported by the evidence. We disagree with Westland's position.

■ At the hearing, the receipt and disbursement of the monies in question was reflected by three exhibits, II, III and IV

to the Stipulation of Facts. O. D. McDonald, President of Westland, and Jose Hernandez, Tax Auditor with the State Bureau of Revenue, were questioned concerning the expenditure of these monies. There was substantial evidence to support the Commissioner's decision that the monies paid to Westland were used solely for Westland's own obligations and purposes. Indeed, we find nothing in the record to indicate that any of the sums were used by Westland to pay the debts of any of the other three corporations.

In determining whether there is substantial evidence in the record, the court considers only favorable evidence and views that evidence in a light most favorable to the Commissioner's decision. United Veterans Org. v. New Mexico Prop. App. Dept., 84 N.M. 114, 500 P.2d 199 (Ct.App. 1972). We hold the Commissioner's Decision and Order to be supported by substantial evidence.

The Decision and Order is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.