533 P.2d 107

**Robert O. GATHINGS and Nedra Gathings, Plaintiffs-Appellants,**

v.

**BUREAU OF REVENUE, Defendant-Appellee.**

No. 1480.

Court of Appeals of New Mexico.
Jan. 29, 1975.

Certiorari Denied March 18, 1975.

Roy Anuskewicz, Jr., Marchiondo & Berry, P. A., Albuquerque, for plaintiffs-appellants.

David L. Norvell, Atty. Gen., Jan E. Unna, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

OPINION

WOOD, Chief Judge.

The appeal is concerned with penalties assessed under § 72–13–82(A), N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1973) on the basis that the taxpayers (Robert O. Gathings and Nedra Gathings) were negligent in failing to pay state income tax when due. The taxpayers contend: (1) they were not negligent; (2) the penalties deprived them of equal protection of the law; and (3) the word "negligence" is void for vagueness.

The Bureau issued assessments for income tax, interest and penalty for the year 1967, and for interest and penalty for the years 1968, 1969 and 1970. The taxpayers protested. After formal hearing the Commissioner of Revenue denied the protests and upheld the assessments. The taxpayers appealed directly to this Court. In this appeal the taxpayers have abandoned contentions directed to the income tax, interest and penalty for 1967 and contentions directed to the interest for 1968, 1969, 1970. The appeal is concerned only with the penalty assessments.

Section 72–13–82(A), supra, provides:

"In the case of failure, due to negligence * * * but without intent to defraud, to pay when due any amount of tax required to be paid * * * there shall be added to the amount two per cent [2%] per month or a fraction thereof from the date the tax was due * * * not to exceed ten per cent [10%] thereof * * * as penalty * * *."

*Negligence*

■ The taxpayers and the Bureau agree that "negligence" in § 72–13–82(A), supra, should be equated with the federal standard of "lack of reasonable cause." See 26 U.S.C.A. § 6651(a) (1974 Supp.). We accept this agreement in the case and apply a standard of reasonable cause, or its lack, in deciding the negligence issue.

It is not disputed that income tax returns were not timely filed for 1968, 1969 and 1970, and that the taxes due for those years were not timely paid. See § 72–15A–10, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1973).

There is evidence that the taxpayers relied on a certified public accountant to prepare and file their returns and to send in the checks in payment of the taxes. The taxpayers claim they did all a reasonably prudent taxpayer could or would do under the circumstances. On the basis of this evidence, they assert they were not negligent as a matter of law.

Two seemingly contradictory approaches appear in the cases. One approach is that the responsibility for filing the return and paying the tax is on the taxpayer; that this responsibility is a personal, nondelegable duty. This approach distinguishes between reliance on an accountant for advice, and reliance for the acts of filing the return and paying the tax. Under this approach, reliance on an accountant would not be reasonable cause for failure to pay taxes when due. Logan Lumber Co. v. Commissioner of Int. Revenue, 365 F.2d 846, 4 A.L.R.Fed. 521 (5th Cir. 1966); Ferrando v. United States, 245 F.2d 582 (9th Cir. 1957); Pfeiffer v. United States,

315 F.Supp. 392 (E.D.Cal.1970); Bar L. Ranch, Inc. v. Phinney, 272 F.Supp. 249 (E.D.Tex.1967), aff'd, 400 F.2d 90 (5th Cir. 1968). The Bureau urges us to adopt this approach.

A second approach is that reliance on an accountant is reasonable care as a matter of law; that when all responsibility is delegated to the accountant, the taxpayer is not chargeable with the accountant's negligence. In re Fisk's Estate, 203 F.2d 358 (6th Cir. 1953); Haywood Lumber & Min. Co. v. Commissioner of Int. Rev., 178 F.2d 769 (2nd Cir. 1950); Ragadale v. Paschal, 118 F.Supp. 280 (E.D.Ark.1954). The taxpayers urge us to adopt this approach.

■ We do not examine the various fact situations in an attempt to reconcile the two approaches into one legal rule. See Inter-American Life Insurance Company v. Commissioner of Int. Revenue, 56 T.C. 497 (1971), aff'd, 469 F.2d 697 (9th Cir. 1972); 10 Mertens, Law of Federal Income Taxation, § 55.23, at 172–174 (1970 Rev.). Nor do we choose between the two approaches. Under either approach, the Commissioner's decision is to be sustained.

Under the nondelegable duty approach, the taxpayers' asserted reliance on the accountant would be legally insufficient. On the other hand, the reliance approach has a factual predicate; that the taxpayers did in fact rely. In asserting that they relied on the accountant, the taxpayers view the evidence in the light most favorable to themselves. Our review, however, considers the evidence in the light most favorable to the Commissioner's decision. Westland Corporation v. Commissioner of Revenue, 84 N.M. 327, 503 P.2d 151 (Ct.App.1972). When so considered, there is substantial evidence that the taxpayers did not rely on the accountant for payment of the tax when due.

Apart from the question of fact as to reliance, there is a question of fact as to whether there was a lack of reasonable cause for the failure to pay the taxes when due. When the evidence is considered in the light most favorable to the Commis-

sioner's decision, there is substantial evidence that the taxpayers lacked reasonable cause in failing to pay the taxes when due.

The taxpayers used the same accountant for the tax years 1966 through 1970. The same procedure was followed in each of those years. The accountant prepared the tax returns and prepared the check with which to pay the tax and presented the return and check to the taxpayers for their signatures. In 1967 the accountant wrote to the Bureau inquiring whether the *taxpayer* had filed his tax return for 1966. The letter stated that the taxpayer had filed his federal return and thought the state return was clipped to the back of the federal return. The Commissioner found the taxpayer failed to establish that the 1967 taxes were paid or that a return had been filed for that year. This finding is not challenged on appeal. The original returns for 1968, 1969 and 1970, together with checks for the tax declared on each return, were in the taxpayers' possession when nonpayment was discovered in 1971. Discovery occurred when Dr. Gathings was cleaning his desk in connection with moving to a new office. There is an inference that the original returns and checks were in unopened envelopes. Although Dr. Gathings' checkbook was balanced each month, he did not know the checks attached to the original returns were outstanding until the 1971 discovery. Thus, the check to pay the 1968 tax would have been outstanding more than two years. The combined total of the checks for the three years exceeded $22,000.00.

There being substantial evidence that the taxpayers did not rely on the accountant to pay the taxes, the reliance approach urged by taxpayers lacks the factual predicate for its application. There being substantial evidence that the taxpayers lacked reasonable cause for failing to pay the taxes when due, the Commissioner's finding of negligence is affirmed.

*Equal Protection*

There is evidence that the Commissioner of Revenue has the authority to determine whether a penalty should be assessed or to abate a penalty which has been assessed. There is evidence that this authority has been exercised. The taxpayers claim that either in imposing the penalties against them or in failing to abate those penalties, they have been discriminated against and thereby deprived of equal protection of the law. Sims v. Board of Education of Independent Sch. Dist. No. 22, 329 F.Supp. 678 (U.S.D.C.N.M.1971).

Where taxes are not timely paid, there is evidence that a penalty is not assessed or if assessed, abated, in the following situations: (1) where the taxpayer is misled by an employee of the Bureau of Revenue; (2) where a taxpayer cannot file a return because of injury; (3) where the untimeliness is due to a death in the family; (4) where an Act of God, such as a fire, intervened; and (5) where there has been a theft of taxpayer's records.

The taxpayers conceded at oral argument that their theory of reliance on an accountant is not factually similar to the above five situations. They assert, however, that the rationale is the same; that timely payment of the taxes was beyond their control because of their reliance on the accountant.

The rationale is not to be applied without regard to the facts. We do not consider the "control" argument because the factual situations where the penalty is either not assessed or is abated are concededly not similar to the taxpayers' reliance argument. Specifically, there is insufficient factual similarity to apply the same rationale. Further, there is substantial evidence that the taxpayers did not rely on the accountant. The penalties do not deny the taxpayers equal protection of the law.

*Void for Vagueness*

This contention has two parts.

First, the taxpayers assert the word "negligence" is so vague that it violated due process. The claim is that the taxpayer has no notice as to what acts amount to negligence.

Second, the taxpayers contend the word "negligence" is so vague that the Commissioner does not have a known and pre-established standard for evaluating the taxpayer's failure to pay taxes when due.

■ The word "negligence" is a general standard capable of reasonable application and sufficient to limit and define the Commissioner's powers in imposing a penalty. City of Santa Fe v. Gamble-Skogmo, Inc., 73 N.M. 410, 389 P.2d 13 (1964); Johnson v. Sanchez, 67 N.M. 41, 351 P.2d 449 (1960); Compare the opinions in Safeway Stores, Inc. v. City of Las Cruces, 82 N.M. 499, 484 P.2d 341 (1971).

The Decision and Order of the Commissioner are affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

### Introduction

Section 72–13–39(D), N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, 1973 Supp.) provides:

Upon appeal, the court shall set aside a decision and order of the commissioner only if found to be:

(1) arbitrary, capricious or an abuse of discretion;

(2) *not supported by substantial evidence in the record;* or

(3) otherwise not in accordance with the law. [Emphasis added.]

The majority opinion states:

When the evidence is considered in the light most favorable to the Commissioner's decision, there is substantial evidence that the taxpayers lacked reasonable cause in failing to pay the taxes when due.

With this statement of the law, I disagree. From this statement we may assume that if the evidence is not considered in the light most favorable to the Commissioner, substantial evidence does not support the Commissioner's decision.

Section 72–13–38(G) provides:

In hearings before the commissioner *or his delegate, the Rules of Civil Procedure shall not apply,* but the hearing shall be conducted so that both *complaints* and *defenses* are amply and fairly presented. To this end, the commissioner or *his delegate* shall hear arguments, entertain and dispose of motions, require written expositions of the case as the circumstances justify, *and render a decision in accordance with the law and the evidence presented and admitted.* [Emphasis added.]

It is important to note that the decision is rendered on "the evidence presented and admitted." This means all of the evidence admitted on behalf of the taxpayer and the Commissioner.

It is important to note that the Commissioner must "render a decision in accordance with the law". It is not in accordance with the law if it is based upon an erroneous interpretation or misapplication of relevant statutory provisions. Louisville and Nashville Railroad Co. v. United States, 268 F.Supp. 71 (W.D.Ky.1967). The Commissioner must be qualified to interpret the Tax Administration Act and all legal authorities cited in order to arrive at a decision upon a rational basis.

The Commissioner is not required to make findings of fact and conclusions of law. This Court cannot know upon what evidence the decision was made that the taxpayer was negligent. It could be made solely on his own evidence, or that evidence, isolated in pockets, which is viewed in a light most favorable to the Commissioner. This may not be substantial evidence based upon all of the testimony admitted at the hearing.

Under the Tax Administration Act, the Commissioner of Revenue "is appointed by, and holds office at the pleasure of the governor." Section 72–13–17. He needs no qualifications in law, taxation or Rules of

Civil Procedure. The Commissioner sits as an ordinary citizen to act as judge and attorney, *and in the instant case, he also acted as a witness and was also examined by his delegate.*

The hearing officer can be a delegate appointed by the Commissioner. His qualifications are not fixed by law. A delegate, the attorney for the Commissioner, heard the evidence in this case. The taxpayer requested that a hearing officer be designated from the staff of the Attorney General's office, but this was denied. "The attorney general is the legal adviser to the commissioner but the commissioner may employ other counsel and, in so doing, shall consult the attorney general." Section 72–13–21. The reasons for the taxpayer's request are obvious.

There is no adjudication of law or facts by experts or specialists in the field involved. Our duty is *not* to view the evidence in the light most favorable to the Commissioner's decision. If otherwise, every decision of the Commissioner will be supported by substantial evidence.

The Administrative Proceedings Act [§§ 4–32–1 to 4–32–25, N.M.S.A. 1953 (Repl. Vol. 2, pt. 1)] was adopted in 1969. All agencies in New Mexico have escaped from these modern and liberal rules of administrative procedure because the legislature made no agency subject to coverage. This Act reposes in peace and quiet.

Nevertheless, we can adopt the language of § 4–32–22, (Scope of Review) to determine our method for arriving at a decision. Subsection A, after reciting the reasons for setting aside a decision, contains the following paragraph:

The reviewing court shall make the foregoing determinations upon consideration of the *entire* record, or portions of the record cited by the parties. *The court may give due weight to the experience, technical competence and specialized knowledge of the agency,* as well as to the discretionary authority conferred upon it. [Emphasis added.]

Under this provision, the "substantial evidence" test takes a turn away from the interpetation of that test expressed in the majority opinion. In Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L. Ed. 456, 468 (1951), Justice Frankfurter traced the history of the "substantial evidence" test leading to the adoption of the Administrative Procedure Act. The Court held that "a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, *when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view.*" [Emphasis added.]

Even though the Commissioner's findings may be supported by substantial evidence, based on the definition in Universal Camera Corp., it may nonetheless reflect arbitrary and capricious action. Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 95 S. Ct. 438, 42 L.Ed.2d 447 (1974).

"Substantial evidence means such relevant evidence as a reasonable man might find adequate to support a conclusion." In making this determination, we must review the record of the Commissioner's action. Otero v. New Mexico State Police Board, 83 N.M. 594, 595, 495 P.2d 374, 375 (1972).

The Commissioner decided and ordered that the taxpayers negligently failed to pay, when due, the amount of tax owed for the years 1968, 1969, and 1970; that the amounts of penalty due were properly assessed; and that the total balance remaining due in all the assessments is $5,945.86.

"Any assessment of taxes made by the bureau is presumed to be correct." Section 72–13–32(C). The taxpayer must overcome this presumption. But under the Tax Administration Act, no provision is made for burden of proof or findings of fact. We must simply view the entire record to determine whether the Commissioner's order is supported by substantial evidence.

Under the Federal Income Tax Penalty Act, decisions are based upon decisions of the Tax Court or the United States District Court, where findings of fact and conclusions of law are made by qualified people. Procedures differ extensively with those present in the State Income Tax Act.

*Facts*

The evidence is undisputed that a certified public accountant prepared the federal and state income tax returns of the taxpayer, and checks in payment thereof, between 1966 and 1971. The taxpayer would sign the tax returns and checks and give them to the accountant. The taxpayer relied upon the accountant to mail the tax returns to the federal and state revenue departments. The taxpayer never mailed any of them. As far as the taxpayer knew, the accountant actually mailed the returns and checks to the revenue departments. The taxpayer would receive the copies.

In the instant case, the accountant prepared the federal and state income tax returns for the years 1968, 1969, and 1970, together with separate checks for each tax return. The accountant mailed the federal income tax returns, but delivered the original state tax returns and signed checks to the taxpayer, each year, in manila envelopes. The taxpayer's secretary put them in the taxpayer's desk. In June, 1971, the taxpayer, while cleaning out his desk in the process of moving to a new office, discovered the manila envelopes and noticed that the originals and copies of the taxpayer's state tax returns were in the envelopes. The taxpayer had nothing to do with the non-filing of the returns. He was shocked. If he had known about this, he would have mailed them.

The taxpayer immediately sent a check for $22,869.00, payable to the Bureau of Revenue, to the attorney general at his request. The attorney general "delivered all of the material to the Bureau and had a conversation with the personnel and [he] was satisfied that everything would be all right and so advised Dr. Gathings."

On this appeal the evidence upon which the Commissioner relies appears to be a letter sent by the accountant to the Director of Income Tax Division on October 13, 1967, seven years before the hearing. This letter indicated that the taxpayer filed his state tax returns. The taxpayer never received a copy of the letter and did not remember the contents. On October 17, 1967, the Director answered the accountant that no tax return had been filed. On October 18, 1967, *the accountant mailed the 1966 income tax return and the check in payment thereof to the Bureau.*

A. *Taxpayers' failure to file in time was not due to negligence.*

The Commissioner decided and ordered that the penalty was properly assessed due to negligence; and that the "taxpayers failed to exercise ordinary care under the circumstances to pay when due the amount of the tax required to be paid [when due] and which they knew was required to be paid when due."

We do not know upon what evidence the decision and order was made that the taxpayer was negligent. We must, therefore, determine from the entire record whether there is substantial evidence to support the decision and order.

The sole issue is: Did the taxpayer fail to exercise ordinary care under the circumstances to pay when due the amount of tax required? The tax returns were prepared in time. The checks in payment were attached thereto.

Was the taxpayer negligent in relying on his accountant to mail the state income tax returns? The answer is "no".

"A failure to act, to be negligent, must be a failure to do an act which one is under a duty to do and which a reasonably prudent person in the exercise of ordinary care would do in order to prevent injury to himself or to another." N.M.U.J.I. 12.1.

"Ordinary care is that care which a reasonably prudent person exercises in the management of his own affairs. 'Ordinary care' is not an absolute term, but a relative one. In deciding whether ordinary care

has been exercised, *the conduct in question must be considered in the light of all the surrounding circumstances, as shown by the evidence.*" [Emphasis added.] N.M. U.J.I. 12.2.

The Tax Administration Act does not place the burden of proof on the taxpayer to free himself of the penalty. Section 72–13–82(A) provides that the Commissioner has the power to assess a penalty if he decides that the failure to pay the tax was due to negligence. The only evidence on this matter was the testimony of the taxpayer. He testified about his conduct in the light of all the surrounding circumstances.

The Commissioner presented no expert testimony that a reasonably prudent person would not rely on his accountant to mail the state income tax returns. No finding was made on this issue. The Commissioner or his delegate are not qualified to speculate upon this matter. It would be normal for the Bureau to decide and order in its own favor regardless of the testimony.

When a taxpayer employs an accountant to handle all of his tax matters, it is reversible error to assess a penalty against the taxpayer for failure to file a tax return on time. McIntyre v. C. I. R., 272 F. 2d 188 (6th Cir. 1959).

We are not concerned with those federal authorities which relate to advice given by an accountant or lawyer to the taxpayer. Neither are we concerned with the negligent failure of an accountant to prepare tax returns. Logan Lumber Co. v. Commissioner of Int. Revenue, 365 F.2d 846, 4 A.L.R. Fed. 521 (5th Cir. 1966); nor with the failure to file, decided as a question of fact by the tax court. Ferrando v. United States, 245 F.2d 582 (9th Cir. 1957); Pfeiffer v. United States, 315 F.Supp. 392 (E.D.Cal.1970). Bar L. Ranch, Inc. v. Phinney, 272 F.Supp. 249 (S.D.Tex.1967), aff'd, 400 F.2d 90 (5th Cir. 1968), relies on *Logan.*

We are concerned only with that case in which the taxpayer over the years employs an accountant to handle all of his tax matters.

Reviewing the entire record, there is no substantial evidence to support the Commissioner's decision and order. It should be reversed.