**STEEL HAULERS, INC., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 20621.**

United States Court of Appeals, Eighth Circuit.

April 20, 1971.

Bright, Circuit Judge, dissented and filed opinion.

---

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Paul M. Ginsburg, William S. Estabrook III, Attys., Tax Division, Dept. of Justice, Washington, D.C., for defendant-appellant; Bert C. Hurn, U. S. Atty., of counsel.

Robert L. Jackson, Kansas City, Mo., for plaintiff-appellee.

Before GIBSON, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

This appeal is brought by the United States from a judgment of the United States District Court for the Western District of Missouri. Plaintiff, Steel Haulers, Inc., instituted this action for recovery of federal highway use taxes it paid to the federal government. After careful consideration of the applicable federal and state statutes and regulations, the District Court entered judgment for the plaintiff. Steel Haulers, Inc. v. United States, 316 F.Supp. 707 (W.D.Mo.1970).

After consideration of the issues on appeal, we find ourselves in agreement with the opinion of the District Court. On the basis of that opinion, the judgment is

Affirmed.

BRIGHT, Circuit Judge (dissenting).

I respectfully dissent. The question presented on this appeal is whether the appellee-lessee, an operator of trucks and truck trailers licensed annually through the State of Missouri and used in appellee's interstate motor transportation, is entitled to a refund of federal highway use taxes assessed by the government under § 4481 of the Internal Revenue Code of 1954, 26 U.S.C. § 4481. I would hold the appellee-taxpayer liable for these taxes and deny the suit for refund.

The applicable taxing statute, § 4481, provides:

The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is, or is required to be, registered * *. [§ 4481(b)]

Since § 4481(b) makes reference to the applicable state law, it is necessary to turn to the Missouri statutory provisions to determine whether the appellee-taxpayer registered or was required to register in his name the vehicles subject to the federal highway use taxes.

Under Missouri law, every "owner" of a motor vehicle which shall be operated or driven upon Missouri highways must register the vehicle annually and provide certain information with regard to that vehicle. Mo.Ann.Stat. § 301.020 (Supp. 1970). An "owner" under the Missouri statutes includes:

[A]ny person, firm, corporation or association, who holds the legal title of a vehicle *or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee * * * then such conditional vendee or lessee * * * shall be deemed the owner for the purpose of this law*[.] [Mo.Ann.Stat. § 301.010(21) (Supp.1970) (Emphasis added)]

The evidence establishes that the trucks and truck trailers were registered as to legal title in the names of the respective lessors, and were also registered in the name of the appellee-lessee for annual licensing purposes. The district court concluded that both the owner-lessor and the operator-lessee of the vehicles met the statutory definition of "owner". However, the parties have stipulated

that plaintiff-lessee paid the registration or license fees to Missouri and other states in which it operated the leased vehicles. On the basis of this evidence, I would conclude that the appellee-lessee was the "owner" under the applicable Missouri statute, and thus properly subject to the federal highway use taxes. I think it important to note that the Missouri statutory definition of "owner" does not provide for two owners in this situation, but rather the statutory definition is phrased in the disjunctive, and in this situation clearly the latter definition of "owner" should apply.

The Treasury regulations implementing the taxing statute, § 4481, provide as follows:

> The person in whose name any highway motor vehicle is registered at the time of the first taxable use of such vehicle in any taxable period is liable for the tax on the use of the vehicle for such taxable period. [26 C.F.R. § 41.4481–2]

The district court did not apply the above regulation to the instant circumstances, but referred to Treas.Reg. § 41.-4481–3(b), which reads as follows:

> Any highway motor vehicle which, at the time in the taxable period, is registered both in the name of the owner of the vehicle and in the name of any other person, is considered, for purposes of the regulations in this part, to be registered at such time, solely in the name of the owner of the vehicle. [26 C.F.R. § 41.4481–3(b)]

On the basis of this "dual registration" provision in the Treasury Regulations, the district court concluded that "the subject vehicles, for the purpose of the highway use tax, must be considered to be registered solely in the name of the owner-lessor of the vehicles." 316 F.Supp. at 712. While I acknowledged that the question presented is a close one, I think the district court's analysis begs the question before it. The crucial question presented in this litigation is which entity was the "owner" for purposes of the federal highway use tax. The district court's opinion assumes that

"owner", as used in Treas.Reg. § 41.-4481–3(b), means the holder of legal title to the vehicles. However, the federal taxing statute, § 4481, clearly makes this determination a matter of state law. Under Missouri's statutory definition of "owner", the appellee-lessee should be deemed the "owner" in these circumstances.

In summary, I would hold the appellee-lessee to be the "owner" of the vehicles in question. The evidence clearly establishes that the appellee-lessee annually registered the vehicles, paid the license fees thereon, operated the vehicles exclusively, and possessed many other incidents of ownership, including the right to purchase the vehicles. The applicable federal taxing statute makes the question of who should bear the federal highway use tax a matter of state law, and I am of the opinion that the applicable Missouri statute defines the appellee-lessee as the "owner" of these vehicles. I would uphold the determination of the Internal Revenue Service and deny the suit for refund.