**GRAIN BELT TRANSPORTATION CO., Inc., a Missouri corporation, Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 71–1660.**

United States Court of Appeals, Tenth Circuit.

Aug. 23, 1972.

Rehearing Denied Sept. 13, 1972.

Warren H. Sapp, III, Kansas City, Mo. (Tom B. Kretsinger, Warren H. Sapp, Kretsinger & Kretsinger, Kansas City, Mo., on the brief), for appellant.

J. Townsend, Washington, D. C., (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Grant W. Wiprud, William S. Estabrook, III, Attys., Tax Div., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before JONES *, McWILLIAMS and BARRETT, Circuit Judges.

JONES, Circuit Judge:

The Grain Belt Transportation Co., Inc., herein referred to as the taxpayer, is a Missouri corporation with its principal place of business in Kansas. It holds certificates from the Interstate Commerce Commission permitting it to carry on the business of an interstate common carrier of freight by motor vehicles in twelve states. It owns no equipment, but leases its vehicles from

* Of the Fifth Circuit, sitting by designation.

individual owners pursuant to leasing regulations of the Interstate Commerce Commission. The lessors, in turn, are employed as drivers of the leased vehicles.

The lessors own their vehicles and have "negotiable certificates of title" to such vehicles issued by the state of Kansas. The taxpayer, as lessee for periods of over thirty days, is permitted to and does obtain from the state of Kansas, "nonnegotiable certificates of title" to such vehicles evidencing its leasehold interests. Having these nonnegotiable title certificates, the taxpayer registered the vehicles under a Kansas registration statute, K.S.A. § 8–149a, which allowed the taxpayer, operating a fleet of trucks in interstate commerce, to prorate the registration fees among the several states in which it operates, in proportion to the miles travelled in each state. There was no evidence that the owners of the vehicles registered them with the state of Kansas, although it seems that Kansas law permits dual registration by the owner and the lessee, or registration only in the names of the owner.

The Internal Revenue Code, 26 U.S.C.A. § 4481, imposes excise taxes on highway motor vehicles, generally known as the Federal highway use tax. The vehicles leased by taxpayer are subject to this tax. The Commissioner of Internal Revenue assessed a deficiency against the taxpayer of $13,428.75, with interest and penalties, claiming that taxpayer was liable for the payment of the tax with respect to its leased vehicles. The taxpayer paid $325 of the asserted deficiency and then brought suit pursuant to 28 U.S.C.A. 1346(a) (1) in the United States District Court for the District of Kansas, seeking a refund of the amount paid.[1]

After a trial in the district court on stipulations and the testimony of taxpayer's president, judgment was entered for the United States on the claim for refund and against taxpayer for the remaining $13,103.75 with interest. The taxpayer has appealed.

Two issues are presented for review; whether the district court was correct in determining that the taxpayer, rather than the individual owner-lessors, was liable for the highway use tax; and whether the assessment and collection of such tax from the taxpayer was a violation of the requirement that "all . . . excises shall be uniform throughout the United States," U.S.Const., Art. I, § 8, or a denial of due process of law as guaranteed by the Fifth Amendment.

The Federal statute reads in part:

> The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is . . . registered. . . . 26 U.S.C.A. § 4481(b).

The relevant Treasury Regulation supplementing this statutory provision is in these words:

> Registration. (a) For purposes of the regulations in this part, the term "registered" when used with reference to a highway motor vehicle means:
>
> (1) registered under the law of any state or territory of the United States or of the District of Columbia, or
>
> (2) required to be registered under the law of any state or territory of the United States in which such highway motor vehicle is operated or situated or, in case the vehicle is operated or situated in the District of Columbia, under the law of the District of Columbia.
>
> .    .    .    .    .    .
>
> (b) Any highway motor vehicle which, at any time in the taxable period, is registered both in the name of the owner of the vehicle and in the name of any other person, is considered, for purposes of the regulations in this part, to be registered, at such time, solely in the name of the owner of the vehicle. 26 C.F.R. § 41.4481–3.

---

1. The taxpayer also sought abatement of the remainder of the taxes assessed against it, and denied liability for the penalties claimed by the Commissioner. Those issues do not require consideration.

The taxpayer contends that the trucks were registered under the laws of Kansas in the names of the owner-lessors and in the name of the taxpayer, thus bringing the case within the quoted regulation pertaining to dual registration, with the result that the owner-lessors would be liable for the highway use tax rather than the taxpayer. But, as has been said, it does not appear that the trucks were actually registered in the names of the owner-lessors. The two types of title certificates evidence the separate ownership and lessee interests but the issuance of them does not effect registration.

In the alternative, the taxpayer submits that the trucks were "required to be registered" by the owner-lessors under Kansas law, and that such requirement would make applicable the regulation pertaining to dual registration. Kansas Statute § 8–127, K.S.A., requires "every owner" to obtain registration before a vehicle may be operated in the state, and § 8–126(n) defines owner as the person who holds legal title or a lessee for more than 30 days. The vehicles in this case were registered by the taxpayer pursuant to § 8–149a, K.S.A., relating to "proportional registration of fleet vehicles engaged in interstate commerce . . . ." This statute also has a definition of owner which includes a lessee for 30 days or more, and provides that an owner with an interstate fleet "may, in lieu of registration of such vehicles under the general provisions of sections 8–126 to 8–149 . . . register and license such fleet for operation in this state . . . the vehicles so registered shall be exempt from all further registration and license fees under said sections 8–126 to 8–149 . . . ." K.S.A. § 8–149a(b).

It is shown that the taxpayer registered the vehicles. It is not shown that the lessors registered the vehicles. The registration was made pursuant to the Kansas law covering truck fleets in interstate commerce. The tax is imposed on the registered owner which, under the Kansas law, may be and in this case is a lessee.

We do not find error in the decision of the district court in fixing the liability for the highway use tax on the taxpayer.

The taxpayer makes the contention that the highway use tax, as applied to it, is in violation of the constitutional requirement that excises be uniform throughout the United States. The argument seems to be that the tax is collected from Grain Belt because it is located in Kansas and subject to the laws of Kansas, although a carrier located in another state, for example in Missouri, where Grain Belt is incorporated, and operating under the same lease arrangements with owner-lessors, does not have to pay the tax because the laws of the other state require dual registration, thus bringing into operation the quoted regulation which would impose the tax on the title holder.[2] This difference in treatment depending upon the varying laws of the particular states is the basis of the taxpayer's constitutional challenge. The attack must fail. The inequality of the impact of a Federal tax in different states resulting from the lack of uniformity in state laws does not work a violation of the constitutional requirement of uniformity. See Fernandez v. Wiener, 326 U.S. 340, 66 S.Ct. 178, 90 L.Ed. 116, and cases there cited. The constitutional command is for uniformity of the tax, not for uniformity of taxpayers.

By way of lagniappe the taxpayer contends that the imposition of the tax against it is a violation of the due process clause of the Fifth Amendment. Its arguments that the tax is arbitrary and unreasonable, and that it is invalid because its burden in some states falls upon the lessor and in others upon the lessee are unimpressive and without merit. Fernandez v. Wiener, supra.

The judgment of the district court is Affirmed.

---

2. See Steel Haulers, Inc. v. United States, W.D.Mo.1970, 316 F.Supp. 707, affirmed per curiam, 8th Cir. 1971, 440 F.2d 1176.