PER CURIAM.
 

 This appeal from the United States Claims Court
 
 *
 
 presents, in a refund suit, the highway use excise tax question, under § 4481 of the Internal Revenue Code of 1954, whether appellant Morgan Drive Away, Inc. was the sole registered owner of certain vehicles, and therefore liable for the tax paid by it. Judge Merow (now of the Claims Court) so held, and Morgan Drive Away, Inc. appeals to us. We agree with the Claims Court’s decision and its opinion, which is appended hereto, and therefore affirm on the basis of that opinion.
 

 Affirmed.
 

 APPENDIX
 

 The opinion of Judge Merow of the Claims Court follows:
 

 In this action, Morgan Drive Away, Inc. (Morgan), seeks to recover $67,887.50 in highway use excise tax for the tax periods beginning July 1, 1971,1972,1973 and 1974, together with $18,434.90 in assessed interest paid, plus statutory interest. The question presented in this case is whether the vehicles in issue were registered solely in Morgan’s name, thus making it liable for the excise tax imposed by § 4481 of the Internal Revenue Code of 1954. For the reasons discussed below, it is concluded that Morgan was the sole registered owner of the vehicles in issue.
 

 I.
 
 Background
 

 Morgan, an Indiana Corporation, is engaged as a common carrier in the business of transporting portable shelters and certain commodities. During the tax periods in issue, extending from July 1, 1971 through June 30, 1975, Morgan leased trucks and truck-tractors for its business from individual titleholders of the vehicles under standard form leases. These individuals retained title and continued to operate their vehicles. The lease provided, among other things, that Morgan, as lessee, was entitled to immediate possession of the vehicle, that the lessor would pay any and all taxes and government assessments or levies of any nature against the vehicle, and that the lease was to be for a term of at least 30 days.
 

 For license years 1971 through 1975, Morgan filed proration applications to register the vehicles in issue in Idaho, Kansas, Nebraska, Oregon and South Dakota in accordance with the provisions of the Uniform Vehicle Registration Proration and Reciprocity Agreement (Uniform Compact) to which these states were parties. Nebraska became a party to a different agreement, the International Registration Plan, effective January 1, 1975. Under the Uniform Compact, Morgan filed an original application, Form PR-1, if the vehicle had been
 
 *1380
 
 leased prior to the license year and a supplemental application, Form PR-2, if the vehicle had been leased during the license year. Highway use taxes were assessed against these vehicles.
 
 [1]
 

 Section 4481(a) of the Internal Revenue Code of 1954
 
 [2]
 
 imposes a tax on the use of highway motor vehicles weighing more than 26,000 pounds. Section 4481(b) states:
 

 The tax imposed by this section shall be paid by the person in whose name the highway motor vehicle is, or is required to be, registered under the law of the State in which such vehicle is, or is required to be, registered * * *.
 

 Treas.Reg. § 41.4481-3 explains:
 

 (a) For purposes of the regulations in this part, the term “registered” when used with reference to a highway motor vehicle means:
 

 (1) Registered under the law of any State or Territory of the United States or of the District of Columbia, or
 

 (2) Required to be registered under the law of any State or Territory of the United States in which such highway motor vehicle is operated or situated or, in case the vehicle is operated or situated in the District of Columbia, under the law of the District of Columbia.
 

 ******
 

 (b) Any highway motor vehicle which, at any time in the taxable period, is registered both in the name of the owner of the vehicle and in the name of any other person, is considered, for purposes of the regulations in this part, to be registered, at such time, solely in the name of the owner of the vehicle.
 

 Defendant concedes if the vehicles were dual-registered, Treas.Reg. § 41.4481-3(b) applies and plaintiff must prevail.
 
 See
 
 Rev.Rul. 73-509, 1973-2 C.B. 377. To determine if Treas.Reg. § 41.4481-3(b) applies, “registered” must be defined.
 

 Other litigants have previously disputed the meaning of the word “registered.” In
 
 Little Audrey’s Transportation Co. v. United States,
 
 369 F.Supp. 329 (D.Neb.),
 
 aff’d mem.,
 
 508 F.2d 846 (8th Cir.1974), the court noted that, although the taxing statute conveys the impression that uniform and definite criteria exist to determine whether a vehicle has been registered in any state, each state requires compliance with its own motor vehicle registration laws, which vary in terminology, procedures and fee payments. 369 F.Supp. at 332.
 

 Because many vehicles travel through a number of states, however, various states, pursuant to state-enabling statutes, have entered into agreements whereby certain vehicles are not required to follow the full registration procedures for each state through which they pass. The Uniform Compact is one such agreement.
 

 The Uniform Compact provides an optional means of registering fleets of vehicles operated in two or more states by paying prorate fees so that sums are paid to each of the states in proportion to the miles traveled in those states. This method of registration is referred to as proration registration.
 

 II.
 
 Proration Registration Under the Uniform Compact
 

 Plaintiff advances several different theories to support its contention that the vehicles involved in this case were dual-registered. First, plaintiff argues that filing proration applications constitutes dual registration.
 

 To support its argument that dual registration occurred under the Uniform Compact, plaintiff quotes language from the International Registration Plan, which requires carriers to register vehicles “in both the owner-operator’s name and that of the carrier as lessee.”
 
 [3]
 
 Basically, plaintiff rea
 
 *1381
 
 sons that, due to the similarities of the two plans, the outcome under each must be the same. The Uniform Compact, however, does not require carriers to register vehicles in both names.
 

 The court, in
 
 Little Audrey’s Transportation Co. v. United States,
 
 369 F.Supp. 329, 336 (D.Neb.),
 
 aff’d mem.,
 
 508 F.2d 846 (8th Cir.1974), found that proration registration envisions one state — the base state
 
 [4]
 
 — becoming primarily identified with each vehicle for registration purposes. Thus, proration registration would not automatically entail dual registration. Rather, the registration requirements of each state involved in this case must be examined to determine if dual registration occurred.
 
 Steel Haulers, Inc. v. United States,
 
 316 F.Supp. 707, 713-14 (W.D.Mo.1970),
 
 aff’d per curiam,
 
 440 F.2d 1176 (8th Cir.1971).
 

 III.
 
 Registration in the Various States
 

 Seeming to acknowledge that state law controls, plaintiff also argues that dual registration was required under the laws of the various states involved in this case. Plaintiff cites
 
 Steel Haulers, Inc.
 
 v.
 
 United States,
 
 316 F.Supp. 707 (W.D.Mo.1970),
 
 aff’d per curiam,
 
 440 F.2d 1176 (8th Cir.1971), as a situation involving a Uniform Compact state, Missouri, whose laws required dual registration. Plaintiff reasons that dual registration was also required in the states at issue here because “the laws of all of the states which are members of the Uniform Compact are very similar.”
 

 In
 
 Steel Haulers, Inc. v. United States,
 
 the court stated that the provisions of the Uniform Compact must be construed consistently with the state’s enabling statute, for the Uniform Compact itself begins “[p]ursuant to and in conformity with the laws of [the] respective States.” 316 F.Supp. at 713-14. The court determined that dual registration was required under the Missouri scheme for several reasons: both the owner-lessor and operator-lessee met the statutory definition of owner; both were included in the category of those required to pay registration fees by the statute enabling the making of reciprocity agreements; the lease required by the Missouri Public Service Commission provided that the lessor was to pay all taxes on the vehicle while it was being used by the lessee; and the lessee was required to produce the owner’s certificate of title as a condition precedent to registration.
 

 Because the registration provisions of Idaho, Kansas, Nebraska, Oregon and South Dakota differ from those of Missouri, the registration process in these states must be analyzed to determine if dual registration of the vehicles in issue was required. Each state’s laws will be discussed in turn.
 

 A.
 
 Idaho
 

 Morgan registered the Idaho-based vehicles under the proration registration provisions of Idaho Code § 49-127B, which provides:
 

 (b) Any owner engaged in operating one or more fleets may, in lieu of the registration fees imposed by section 49-127 (parts 4 and 5), register each fleet for operation in this state * * *.
 

 To qualify for proportional registration privileges, one must be an owner and operate at least one fleet. Idaho Code § 49-101 q defines “owner” to include both lessee and lessor. Fleet, however, “means three (3) or more commercial vehicles at least two (2) of which are motor vehicles.” Idaho Code § 49-127B. Because none of the individual lessors owned a fleet, only Morgan qualified for proportional registration privileges.
 

 Morgan filed an original application, Form PR-1, listing all the vehicles in the fleet — vehicles based not only in Idaho, but also in other states — to be prorate-regis
 
 *1382
 
 tered. Mileages traveled by the fleet in each state were listed on the back of the PR-1 form. Morgan attached to the application a computer printout listing further information concerning the vehicles, including name and address of the lessor and title numbers of some of the vehicles. Idaho did not require the name and address of the lessor for license years 1971 through 1975, but did require title numbers for Idaho-based vehicles. After the fee was paid, cab cards, listing Morgan’s name and address and not that of the lessor, were sent to Morgan. The Motor Vehicle Bureau maintained a register comprised of copies of these cab cards. During the registration process, the lessors had no contact with the Motor Carrier Bureau.
 

 Even though Morgan submitted names of lessors to Idaho’s Motor Carrier Bureau,
 
 [5]
 
 this does not prove that the vehicles were dual-registered. Proration registration is “in lieu of” regular registration. Under Idaho Code § 49-127B, only Morgan qualifies as the “owner.” The travels of a fleet, not each vehicle’s mileage, are the basis for the registration fees under Idaho Code § 49-127B(c), (i). Under Idaho Code § 49-127B(g), even when a vehicle is added to the fleet, the “owner” uses a mileage percentage for the original fleet, not the previous mileage of that vehicle, to compute additional registration fees. This statutory scheme clearly envisions the carrier as the “owner.” When the logistics of registering and taxing a fleet of vehicles are considered, the reason for singling out the carrier as the owner, and thus the one responsible for registration, maintenance of records, and paying taxes, is understood.
 
 [6]
 

 Morgan is the sole owner under Idaho’s proportional registration statute. Because Morgan has not shown that the individual lessors registered their vehicles independently of the proportional registration scheme, Morgan has failed to prove the vehicles were dual-registered.
 

 B.
 
 Kansas
 

 Kan.Stat.Ann. § 8-149a(b) provides:
 

 Any owner engaged in operating a fleet of three (3) or more vehicles in this state in interstate commerce may, in lieu of registration of such vehicles under the general provisions of sections 8-126 to 8-149, both sections inclusive, * * * or acts amendatory thereof, register and license such fleet for operation in this state * * *.
 

 An “owner” is defined as:
 

 * * * a person, firm or corporation who holds a legal title of a vehicle, * * * or in the event while a vehicle is subject to a lease of thirty (30) days or more with an immediate right of possession vested in such lessee, * * * then such * * * lessee * * * shall be deemed the owner for the purpose of this act.
 

 Kan.Stat.Ann. § 8-149a(a )(1).
 

 In
 
 Grain Belt Transportation Co. v. United States,
 
 25 A.F.T.R.2d 1671 (D.Kan.1970),
 
 aff’d,
 
 465 F.2d 1202 (10th Cir.1972), the court interpreted Kan.Stat.Ann. § 8-149a to mean that “the person or firm who holds legal title to a vehicle is the owner thereof,
 
 unless
 
 the vehicle is subject to a lease of 30 days or more with an immediate right of possession vested in the lessee.” 25 A.F.T.R.2d at 1673-74 (emphasis in original). In affirming the lower court’s holding, the court of appeals noted that “it seems that Kansas law permits dual registration by the owner and the lessee,” but that Grain Belt
 
 *1383
 
 had not introduced evidence that the owners of the vehicles had registered the vehicles with Kansas.
 
 [7]
 
 465 F.2d at 1204.
 

 In the present case, Morgan filed proration applications with the Kansas Motor Vehicle Department, Interstate Registration Bureau. During the years in issue, Morgan attached a computer printout listing the names and addresses of lessors
 
 [8]
 
 and, for the most part, included title numbers of vehicles. The Interstate Registration Bureau computed registration fees on the basis of fleet travels and billed the carrier accordingly. After receiving the fee payment, the Interstate Registration Bureau completed “a prorate credential source document,” a form containing information to be entered into a computer. Only Morgan’s name and address, and not that of the lessor, were included on the form. Kansas used the computer to store its vehicle registration information and to produce cab cards. The cab cards issued reflected only Morgan’s name and address.
 

 As in Idaho, proportional registration in Kansas is “in lieu of” regular registration. Morgan clearly took advantage of this statutory provision. Morgan, alone, applied for registration, initially paid the fees, and received the cab cards. That the cab cards listed only Morgan’s name is further proof that Kansas considered Morgan the registered owner. In view of these facts and the Kansas statutory provisions, Morgan has not shown that dual registration occurred in Kansas.
 

 C.
 
 Nebraska
 

 Neb.Rev.Stat. § 60-305.09(1) provides:
 

 Any owner engaged in operating a fleet of apportionable commercial vehicles in this state in interstate commerce may, in lieu of registration of such vehicles under the general provisions of sections 60-301 to 60-344, register and license such fleet for operation in this state * * *.
 

 “Owner” is defined as:
 

 * * * a person, firm or corporation -who holds a legal title of a vehicle, * * * or in the event while a vehicle is subject to a lease of thirty days or more with an immediate right of possession vested in such lessee, * * * then such * * * lessee * * * shall be deemed the owner for the purpose of sections 60-301 to 60-344 * *.
 

 Neb.Rev.Stat. § 60-301(8).
 

 As in Idaho and Kansas, Morgan filed an original application, Form PR-1, listing the fleet vehicles. Morgan included Nebraska title numbers for Nebraska-based vehicles. On some applications, Morgan listed the name and address of the lessors. The Interstate Registration Division computed the appropriate fees based on the travels of the fleet and billed Morgan. After receiving the fees, the Division sent Morgan the original cab cards, which listed only Morgan’s name and address and retained copies for office files.
 

 While the Uniform Compact was in effect, it was the policy of the Interstate Registration Division to type only the lessee’s name on the cab card. Occasionally, both the name of the lessor and the lessee would be included, either through oversight or due to a specific request by the lessee. At trial, defendant introduced copies of Nebraska cab cards as exhibits. With a few exceptions, only Morgan’s name appeared on the cab cards.
 

 Morgan argues that, by submitting the name and addresses of lessors and even by listing title numbers of vehicles with the applications, it supplied enough information
 
 *1384
 
 for the vehicles to be dual registered. By merely filing applications that included the name and address of the lessors with Nebraska, Morgan has not dual registered the vehicles.
 

 The Nebraska statutory scheme contemplates that the carrier will be the sole owner for purposes of proportional registration. Morgan, alone, filed the applications, initially paid the registration fees, maintained the required records, and received the cab cards. Morgan has not shown that it specifically requested the vehicles to be registered in both the names of the lessor and the lessee. Thus, Morgan must be considered the sole owner in Nebraska for the years 1971 through 1974.
 

 In addition to its contention that the Nebraska state statutory scheme required dual registration under the Uniform Compact, plaintiff makes an additional argument regarding 11 Nebraska-based vehicles. Because Nebraska became a party, effective January 1, 1975, to the International Registration Plan, plaintiff argues that these 11 vehicles were dual registered by the filing of proration applications under that plan. Unlike the Uniform Compact, the International Registration Plan deals specifically with the registration of owner-operator vehicles. Article IX provides that “[t]he lessee shall be the registrant and the vehicle shall be registered by the carrier, but in both the owner-operator’s name and that of the carrier as lessee * * This language clearly calls for dual registration. Defendant argues that, because tax liability for these vehicles was determined as of July 1,1974 or the first use of the vehicle during the taxable period, Morgan is liable for the tax as the Uniform Compact was in effect at that time.
 

 Pursuant to Treas.Reg. § 41.4481-2, the first registrant of a vehicle is liable for the tax even though the vehicle is later re-registered in the name of another. Treas.Reg. § 41.4481-2 states:
 

 (a)
 
 In general.
 
 (1) The person in whose name any highway motor vehicle is registered at the time of the first taxable use of such vehicle in any taxable period is liable for the tax on the use of the vehicle for such taxable period. This liability is for the total tax even though such person elects to pay the tax in installments. If thereafter in the same taxable period a taxable use of such vehicle is made while it is registered in the name of another person, such other person is also liable for the tax on the use of such vehicle for such taxable period to the extent that the tax or an installment payment of the tax has not previously been paid. In case more than one person is liable for the tax on the use of a particular highway motor vehicle for a taxable period, the liability of all persons for such tax is satisfied to the extent that the tax is paid by any person liable for the tax.
 

 Because Treas.Reg. § 41.4481-2 provides for joint and several liability, the Internal Revenue Service (IRS) can look to either Morgan or the lessor for payment of the tax. Only to the extent that the tax is paid is either party relieved of liability. In this case, the IRS acted within its prerogative in assessing Morgan for the tax.
 

 D.
 
 Oregon
 

 Or.Rev.Stat. § 481.665 provides:
 

 (1) Any owner engaged in operating one or more fleets may, in lieu of registration of vehicles under other sections of this chapter, register and license each fleet for operation in this state * * *.
 

 “Owner” is defined as:
 

 * * * the person having all the incidents of ownership in a vehicle or where the incidents of ownership are in different persons, the person, other than a security interest holder or lessor, entitled to the possession of a vehicle under a security agreement, or a lease for a term of 10 or more successive days.
 

 Or.Rev.Stat; § 481.040(4).
 

 Only one Oregon-based vehicle is in issue in this case. In October 1972 Morgan filed a supplemental proration registration application, Form PR-2, to register this vehicle. For license year 1973, Morgan filed an orig
 
 *1385
 
 inal application, Form PR-1, and attached a computer printout listing the lessor’s name and address and the title number of the vehicle.
 

 Under Oregon’s registration scheme, only Morgan qualified to register the vehicle under the proportion registration provision. Plaintiff has failed to show that the lessor also registered the vehicle in issue. Thus, dual registration of the vehicle did not occur.
 

 E.
 
 South Dakota
 

 S.D. Codified Laws Ann. § 32-10-15 provides:
 

 Any owner engaged in operating one or more fleets * * * may, in lieu of registration, register and license each fleet for operation in this state * * *.
 

 For the purposes of this section, S.D. Codified Laws Ann. § 32-10-1(4) defines “owner” as:
 

 * * * a person who holds a legal title of a vehicle, * * * or in the event while a vehicle is subject to a lease with an immediate right of possession vested in the lessee, * * * then such * * * lessee * * * shall be deemed to be the owner.
 

 Only one South Dakota-based vehicle is involved in this action. For license years 1973 and 1974, Morgan filed proration applications and initially paid the registration fees for this vehicle. Morgan attached the lessor’s name and address and the vehicle’s title number to the 1974 application. A copy of the 1973 application, however, was not introduced into evidence. South Dakota issued cab cards for license years 1973 and 1974, which listed only Morgan’s name and address. After South Dakota became a member of the International Registration Plan in 1975, it issued cab cards in the names of both the lessor and the lessee.
 

 Only Morgan qualifies as an owner entitled to proportional registration under the South Dakota statutory scheme. This factor, along with the underlying purposes of proportional registration and South Dakota’s changed cab card format under the International Registration Plan, lead to the conclusion that dual registration did not occur in South Dakota in license years 1973 and 1974. Again, Morgan did not introduce any evidence to show that the lessor registered his vehicle independently of Morgan’s proportional registration.
 

 F.
 
 Missouri
 

 Although the court in
 
 Steel Haulers
 
 found that the Missouri statutory scheme required dual registration, the state statutory schemes involved in this case differ from Missouri’s. Unlike Missouri, each of these states had a specific provision allowing proration registration “in lieu of” regular registration. These proration registration provisions contemplated only one registered owner and that owner was the lessee —Morgan.
 

 In
 
 Steel Haulers,
 
 the court quoted from the Missouri statute allowing reciprocity agreements which provided:
 

 that
 
 owners and operators
 
 of motor vehicles and trailers operated in interstate or combined interstate and intrastate commerce in Missouri shall be required to pay registration and other fees on an apportionment basis * * *.
 

 316 F.Supp. at 711 (emphasis added).
 

 Thus, both the lessor and the lessee were liable for registration fees as a matter of law. Also in
 
 Steel Haulers,
 
 a Missouri official testified that the state required the lessee to produce the owner’s certificate of title as a condition precedent to registration. These differences clearly distinguish the Missouri registration scheme from the state schemes in this case. Plaintiff’s reliance on
 
 Steel Haulers
 
 is misplaced.
 
 [9]
 

 
 *1386
 
 III.
 
 Registration First by the Lessor and Subsequently by Morgan
 

 Plaintiff contends that three vehicles, units Nos. 4186, 3951 and 3474A, were dual registered because they were initially registered by the individual titleholders, and then later registered by Morgan. Because the circumstances surrounding the registration of these vehicles vary, they must be analyzed separately.
 

 On May 23, 1973, Mr. Holmgren registered vehicle unit No. 3474A in Oklahoma. The following day he leased this vehicle to Morgan. At some point prior to September 17, 1973, Morgan registered the vehicle as part of its fleet as a Kansas-based vehicle. On December 31,1973, the Oklahoma registration expired.
 

 The court distinguished this situation, full compliance with the laws of more than one state, in
 
 Little Audrey’s Transportation Co. v. United States,
 
 369 F.Supp. 329 (D.Neb.),
 
 aff’d mem.,
 
 508 F.2d 846 (8th Cir.1974). Although the regulations do not deal specifically with this question, they refer to registration as an independent state process. As each state has its own registration laws, dual registration is only feasible within a state. Dual registration must be distinguished from multiple-state registrations. Because two different states registered vehicle No. 3474A, Oklahoma in Mr. Holmgren’s name and Kansas in Morgan’s name, dual registration did not occur.
 

 The titleholders of the other two vehicles, units Nos. 4186 and 3951, registered these vehicles in Nebraska for license year 1971, in their names alone. After leases for these vehicles were executed, Morgan filed proration registration applications, including these vehicles, as part of its Nebraska-based fleet. Unlike the situation regarding vehicle No. 3474A, only one state is involved here.
 

 Morgan registered the vehicles for license year 1972 under the Uniform Compact and presented no evidence that the titleholders also registered their vehicles in 1972. Therefore, Morgan is considered the sole registered owner after January 1972. Pursuant to Treas.Reg. § 41.4481-2, both Morgan and the titleholders are liable for the total tax “to the extent the tax * * * has not previously been paid.” IRS has the option of collecting the tax from either Morgan or the titleholders.
 
 [10]
 
 At trial, Morgan introduced no evidence that the titleholders had paid the tax. Thus, Morgan is liable for the assessed amounts.
 

 IV.
 
 Registration Under State Laws Relating to Interstate Commerce
 

 Finally, plaintiff argues that, by registering the vehicles in issue under state laws relating to interstate commerce by use of Form D, Uniform Identification Cab Card, dual registration occurred. As proof of dual registration, plaintiff relies on the fact that the Uniform Identification Cab Card provides spaces for both the name of the “carrier” and the name of the “owner.” Form D “registration,” however, is state authorization of a vehicle to engage in interstate commerce, not the licensing-type registration referred to in § 4481 of the Internal Revenue Code.
 

 Plaintiff argues that, because the tax laws and regulations do not define the word “registration,” Form D “registration” should qualify as registration for purposes of § 4481. However, for Form D “registration,” Morgan filled out the card, which each vehicle was required to carry. The various states merely issued validating stamps to be affixed to the back of the card. To obtain the stamps, Morgan ap
 
 *1387
 
 plied to the states on forms that did not reflect the name and address of the lessor. The word “registration” denotes an official entry in a register. No official entry of the lessor’s name was possible under this system. This procedure clearly is not registration within the meaning of § 4481.
 

 V.
 
 Conclusion
 

 In this action, Morgan has the burden of proving dual registration.
 
 Helvering v. Taylor,
 
 293 U.S. 507, 515, 55 S.Ct. 287, 290, 79 L.Ed. 623 (1935);
 
 Missouri Pacific R.R. v. United States,
 
 168 Ct.Cl. 86, 90, 338 F.2d 668, 671 (1964). Registration under the various state provisions must control. The state laws involved in this case allowed Morgan the privilege of proration registration “in lieu of” regular state registration. Morgan has not shown that dual registration was required by these states as it was in Missouri. Further, Morgan has not shown that dual registration occurred through the use of Form D cab cards.
 

 Accordingly, as the vehicles in issue were, or were required to be, registered in Morgan’s name, or Morgan was otherwise liable for the taxes assessed, it is ordered that judgment be entered for defendant and plaintiff’s petition be dismissed.
 

 *
 

 Pursuant to the order of this court dated October 4, 1982, the Claims Court entered a final judgment in accordance with Trial Judge Merow’s recommended decision of April 26, 1982.
 

 [1]
 

 . Although registration was accomplished on a calendar year basis, the tax period for highway use taxes runs from July 1 to June 30 of the following year.
 

 [2]
 

 . All citations are to the 1954 Code, as amended, unless otherwise stated.
 

 [3]
 

 . Plaintiff also argues that 11 Nebraska-based vehicles were dual-registered pursuant to the International Registration Plan on January 1,
 
 *1381
 
 1975, when Nebraska became a party to the plan.
 
 See
 
 the discussion at pages 1383-1384,
 
 infra.
 

 [4]
 

 . Article 2 of the Uniform Compact defines “base state” as “the State from or in which the vehicle is most frequently dispatched, garaged, serviced, maintained, operated, or otherwise controlled, or also in the case of a fleet vehicle the State to which it is allocated for registration under statutory requirements.”
 

 [5]
 

 . Defendant disputes whether Morgan actually listed names of lessors on all of its applications. Although Morgan submitted copies of the applications for 1973, it had already destroyed its records for 1971 and 1972. Idaho Code § 49-127B(k) requires that records be preserved for only a four-year period. Otis Montgomery, Morgan’s vice president of safety and compliance, testified, however, that it was Morgan’s normal procedure to submit the name and address of lessors to Idaho.
 

 [6]
 

 . Even though Morgan is responsible for initially paying the taxes to the various states, the lease clearly calls for Morgan to charge the tax back to the lessor. Nothing in the state statutes prohibits this arrangement. The fact that the lease requires the lessor ultimately to pay the tax, however, does not change state law provisions.
 

 [7]
 

 . The court did not explain how dual registration could occur. Instructions for proportional registration under the Uniform Compact for license years 1972 through 1974 clearly required household goods carriers to list the names of the lessor and lessee as “dual applicants” on their applications. This appears to be one situation in which dual registration would result.
 

 [8]
 

 . Kansas required the names and addresses of lessors (1) to determine if a Kansas title was needed for the vehicle and any applicable sales tax, and (2) to determine computations of transfer credits. Both purposes are unrelated to the registration process.
 

 [9]
 

 . Plaintiff does claim that one Missouri vehicle is involved in this case. In its findings of fact, plaintiff argues that vehicle No. 7500 was dual registered during license year 1972 by the filing of a proration application with the Missouri Proration and Reciprocity Division. Plaintiff introduced the lease that was executed on March 13, 1972, between Clarence W. Durham, the lessor of this vehicle, and Morgan, and a copy of Mr. Durham’s Missouri registration receipt for 1972. Plaintiff did not introduce any evidence of Morgan also registering the vehicle in 1972. Further, Mr. Montgomery, plaintiffs witness, testified that Morgan would not have
 
 *1386
 
 prorated this vehicle in 1972. Thus, it appears that the vehicle was registered only in Mr. Durham’s name during 1972. Morgan did register this vehicle as part of its Kansas-based fleet for license year 1973, but this would not be considered dual registration.
 

 [10]
 

 .
 
 See
 
 discussion at pages 1383-1384,
 
 supra.
 
 The result would be different if the International Registration Plan had been in effect in 1972. Under that plan, the vehicles would have been dual registered and the lessors would have been solely liable for the tax because at no time would Morgan have been considered the sole registered owner.